IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TIMOTHY MCCALLAN, | ) | BANKRUPTCY CASE NO. |
| | ) | 17-30961 |
|     Debtor, | ) | Chapter 7 |
| | ) | |
| CARLY WILKINS, as | ) | DISTRICT COURT MISC. NO. |
| Chapter 7 Trustee, | ) | 2:19-MC-3854-WKW |
| | ) | |
|     Plaintiff, | ) | Bankruptcy Adversary Proceeding |
| | ) | No. 18-03084 |
| v. | ) | |
| | ) | |
| JEANNE MCCALLAN, | ) | |
| | ) | |
|     Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This court has in place a standing order that refers all bankruptcy cases and related proceedings to the United States Bankruptcy Court for the Middle District of Alabama. Unless this court withdraws the reference of jurisdiction to the bankruptcy court, jurisdiction over bankruptcy cases and related proceedings resides with the bankruptcy court. Before the court is Defendant's Motion to Withdraw the Reference (Doc. # 1), filed pursuant to 28 U.S.C. § 157(d). This motion is due to be denied at this time.

The Defendant is Jeanne McCallan, wife of Timothy McCallan. Timothy McCallan (McCallan) has been here before, and this court has previously described his egregious conduct vis-à-vis this court at length.[1] In a nutshell, McCallan has willfully failed to comply with the bankruptcy court's orders to account for the whereabouts of the more than $100 million he stole from 30,000 victims. McCallan has repeatedly lied to the bankruptcy court, and more than one attorney has been suspended or disbarred from more than one state for their role in his fraud.[2] Defendant, McCallan's wife, is alleged to have received fraudulent transfers of more than $10 million of the missing $100 million her husband has yet to account for. (Bankr. Adv. P. No. 18-03084, Doc. # 1.)

Defendant claims that under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the bankruptcy court has no jurisdiction over Trustee's fraudulent conveyance claims. (Doc. # 1, at 2.) Many a law review article has pondered the parameters of *Stern*, and whether fraudulent conveyance claims fall within its boundaries.[3] For now, the Supreme Court has deferred deciding whether fraudulent conveyance claims are

---

[1] *See McCallan v. Wilkins*, No. 18-cv-117, 2018 U.S. Dist. LEXIS 44234, at *2–12 (M.D. Ala. Mar. 19, 2018).

[2] *See McCallan v. Wilkins,* No. 18-cv-608, 2018 U.S. Dist. LEXIS 157878, at *3–4 (M.D. Ala. Sep. 17, 2018).

[3] *See, e.g.*, Laura B. Bartell, Stern *Claims and Article III Adjudication — The Bankruptcy Judge Knows Best?*, 35 Emory Bankr. Dev. J. 13 (2019).

indeed *Stern* claims.[4]  However, even assuming they are, a bankruptcy court is permitted to "issue proposed findings of fact and conclusions of law to be reviewed de novo by the district court." *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 (2014).  This court agrees with the way the Southern District of Florida handled a similar post-*Stern* case:

> This case is in its early stages.  Leaving adjudication of this case with the Bankruptcy Court means that the discovery issues, settlement conferences, and motion practice will be supervised in this adversary proceeding most efficiently by the same court that is currently supervising the other adversary proceedings filed in connection with the bankruptcy estate.  Given these considerations, [Defendant] has not established cause for immediate withdrawal of the reference.
>
> [Defendant] is entitled to a trial by jury for all issues so triable. [Defendant's] right to a jury trial is deemed preserved.  [Defendant] does not consent to the Bankruptcy Court conducting a jury trial in this proceeding.  As a result, the Bankruptcy Court may not try any issues as to [Defendant] that are triable by a jury.  The reference as to this adversary proceeding shall be withdrawn as to [Defendant] if and when this matter is ready for trial.  The reference of this adversary proceeding shall remain with the Bankruptcy Court as to all pretrial matters, including dispositive motions such as motions for summary judgment. A court may wait until the case is ready to go to trial before withdrawing the reference because allowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible. *See also Stein v. Miller*, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided

---

[4] In *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014), the Supreme Court "assume[d] without deciding" that a fraudulent transfer was a *Stern* claim.  In other words, the Supreme Court explicitly left this issue for another day.  Subordinate courts are left to embrace the gray.

3

by the district court, despite the withdrawal of the reference for the purpose of jury trial).

*In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 11-62172, 2012 U.S. Dist. LEXIS 31578, at *13–15, (S.D. Fla. Mar. 9, 2012) (cleaned up). The bankruptcy court is well-equipped to handle this case up to the eve of trial. Over the last five years, Defendant has attended McCallan's hearings in the bankruptcy court on at least six occasions. (Bankr. Adv. P. No. 18-03084, Doc. # 1, at 3.) Additionally, this adversary proceeding is one of nine McCallan-related proceedings currently pending before the bankruptcy court. (Doc. # 3, at 3.) Leaving this case with the bankruptcy court would allow discovery issues, motion practice, and settlement conferences to be supervised efficiently by the same court that is currently supervising the other adversary proceedings filed in connection with McCallan. Bankruptcy courts have been around for a very long time, and for good reason. Indeed, although written more than a century ago, the following may well apply here:

> Courts could not tolerate, and this court would be far from encouraging, any practices by which bankrupt debtors could convert their property into money on the eve of failure and deliver it over to wives . . . hoping thus to evade the powers of the bankruptcy tribunals. Under such circumstances, the wife should be regarded as agent of the husband, and treated accordingly.

*In re Eddleman*, 154 F. 160, 161–162 (W.D. Ky. 1907).

The bankruptcy court and the Trustee in this case are commended for diligently handling McCallan's "extraordinary case of fraud on a massive scale that

4

was perpetrated . . . on thousands of victims." (Case No. 11-3007, Doc. # 361, at 2.) To the extent that the bankruptcy court may not dispose of a pretrial matter, such as a dispositive motion, that matter is referred to the bankruptcy court for a Report and Recommendation. Defendant's right to a jury trial is deemed preserved.

For the reasons above, it is ORDERED that Defendant's Motion to Withdraw the Reference (Doc. # 1) is DENIED at this time. Defendant may move to withdraw the reference when the case is ready for trial. The bankruptcy court shall enter a Report and Recommendation as to findings of fact and conclusions of law on any dispositive pretrial matters.

This case shall remain open until further order of the court.

DONE this 28th day of March, 2019.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE